UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV2218 CDP |
| | ) |
| ST. LOUIS COMMUNITY | ) |
| COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, the motion will be granted.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss, on its own motion, a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Named as defendants are St. Louis Community College, Nancy R. Simmons (Instructor, Introduction to Law), Markus Ahrens (Department Chair), Donna Sneed (Dean of Business Administration), George Wasson (Acting Vice President), Kathleen Dobois (Instructor, Legal Research), Vernon Kays (Acting Vice President), and the Academic Appeals Committee.

The forty-six page complaint, which is typed, single-spaced, and accompanied by 273 pages of exhibits, is far too long. The thrust of the complaint is that plaintiff got two grades in community college courses that she felt were lower than she deserved. She tried to appeal those grades, but her appeals were denied. And she alleges that the motivation behind her unfair grades and the denial of her appeals was race discrimination. The complaint rambles and repeats the same allegations several times over, as do the exhibits.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  Because the complaint is overly long and repetitive, it does not comply with Rule 8(a), and it is dismissible as a result.  See Micklus v. Greer, 705 F.2d  314, 317 n. 3 (8th Cir. 1983).

Because plaintiff is proceeding pro se, the Court will allow her to file an amended complaint that complies with the Federal Rules of Civil Procedure.  Plaintiff shall have thirty days from the date of this Order to do so.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within than 30 days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court will dismiss this action without prejudice.

Dated this 5th  day of December, 2012.

*Catherine D. Perry*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE