UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12CV2218 CDP ) |
| ST. LOUIS COMMUNITY COLLEGE, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff brings this action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Plaintiff alleges that she was racially discriminated while attending classes at St. Louis Community College because she was given grades that she felt were lower than she deserved, she was denied redress, and because the motivation behind the unfair grades and denial of redress was race discrimination. This matter is currently before me on plaintiff's amended complaint. Because plaintiff is proceeding in forma pauperis, I am required to review the complaint and to dismiss it if it is frivolous, malicious, or if it fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e). Having reviewed the complaint, I find that it must be summarily dismissed under 28 U.S.C. § 1915(e).

## Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff brings this action against St. Louis Community College, Nancy Simmons, Markus Ahrens, Donna Sneed, George Wasson, Kathleen Dubois, Vernon Kays, and the Academic Appeals Committee.

Plaintiff alleges that the individually named defendants were her instructors and her instructors' supervisors. Plaintiff alleges that her instructors gave her grades on tests that were unfair and gave her grades her courses that were unfair because of her race. Plaintiff claims that she appealed those grades to an Academic Appeals Committee. Plaintiff asserts that the Committee denied her appeals for racially motivated reasons.

Plaintiff says that her instructors' supervisors failed to correct the racist acts of their inferiors.

Plaintiff alleges that St. Louis Community College failed to properly discipline its staff, engaged in faulty hiring of staff, and, while alleging a policy of nondiscrimination, covered up discrimination towards plaintiff.

**Discussion**

Title VI of the Civil Rights Act of 1964 prohibits race discrimination in any program receiving federal funds:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d (1982). Schools accepting federal financial assistance must comply with the requirements of Title VI. Radcliff v. Landau, 883 F.2d 1481, 1483 (9th Cir. 1989); Lau v. Nichols, 414 U.S. 563, 566-67 (1974). Under the regulations adopted by the Department of Education, "[e]very application for Federal financial assistance to which this part applies . . . and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part."

34 C.F.R. §100.4. The Act provides for a broad concept of "program or activity" by adding to Title VI an explicit definition for that phrase:

> For the purposes of this subchapter, the term "program or activity" and the term "program" mean all the operations of --
> . . .
> (2)(A) a college, university, or other postsecondary institution, or a public system of higher education .
> . . .
> any part of which is extended Federal financial assistance.

42 U.S.C. § 2000d-4a.

Receipt of federal financial assistance by any student or portion of a school thus subjects the entire school to Title VI coverage. Radcliff, 883 F.2d at 1483; see Scarlett v. Sch. of the Ozarks, Inc., 780 F. Supp. 2d 924, 933 (W.D. Mo. 2011) ("Congress enacted the Civil Rights Restoration Act of 1987 to make clear that the term 'program or activity' includes all of an entities' operations, thus any university receiving federal funds may not discriminate against any person in any of its programs on the basis of race, color, or national origin.") (citing DeVargas v. Mason & Hanger-Silas Mason Co., Inc., 911 F.2d 1377, 1383-84 (10th Cir. 1990)). Private individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages. Alexander v. Sandoval, 532 U.S. 275, 279 (2001). Thus, the Court must look at Plaintiff's claims against each defendant to determine if she states a claim under Title VI.

A.      Individual Defendants

"[I]ndividuals cannot be held personally liable under Title VI." Ajiwoju v. Cottrell, 2005 U.S. Dist. LEXIS 33422 at *3-4 (W.D. Mo. May 2, 2005); Shotz v. City of Plantation, 344 F.3d 1161, 1170 (11th Cir. 2003) ("By extension, the text of Title VI also precludes liability against those who do not receive federal funding, including individuals"); Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996)("Plaintiff's claim also fails because she asserts her claim against Lawson and Weaver and not against the school, the entity allegedly receiving the financial assistance"); N.J. Sand Hill Band of Lenape & Cherokee Indians v. Corzine, No. 09-683 (KSH), 2010 U.S. Dist. LEXIS 66605, at *60 (D.N.J. June 30, 2010) ("The Court agrees that individuals are not the proper defendants in a Title VI case."); Gomiller v. Dees, No. 4:06CV33-D-B, 2007 U.S. Dist. LEXIS 23230, at *11 (N.D. Miss. Mar. 28, 2007) ("the Court finds that individual liability does not lie in Title VI"); Steel v. Alma Public School Dist., 162 F. Supp.2d 1083, 1085 (W.D. Ark. 2001) ("[I]n the Title IX context, that school officials may not be sued in their individual capacities. . . . As Title IX and Title VI are parallel to each other and operate in the same manner.").[1] That is, federal courts generally have held that "'the proper defendant in a Title VI case is an entity rather than an individual.'"

---

[1] See Barnes v. Gorman, 536 U.S. 181, 185 (2002) ("the Court has interpreted Title IX consistently with Title VI").

Langadinos v. Appalachian Sch. of Law, 2005 U.S. Dist. LEXIS 20958 at *17 (W.D. Va. Sept. 25, 2005) (quoting Farmer v. Ramsay, 41 F. Supp. 2d 587, 592 (D. Md. 1999)). As a result, the complaint fails to state a claim against the individually named defendants.

B.  Appeals Committee

The Appeals Committee is simply a group of individuals pulled together on an ad hoc basis, and therefore, it is not a suable entity under Title VI.

C.  St. Louis Community College

"To establish a prima facie case of discrimination under Title VI, the plaintiff must show (1) that the defendant is receiving federal funds, (2) that the plaintiff was discriminated against, and (3) the plaintiff's race, color, or national origin was the motive for the discriminatory conduct." Scarlett v. Sch. of the Ozarks, Inc., 780 F. Supp. 2d 924, 933-934 (W.D. Mo. 2011) (citing Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001); Jackson v. Conway, 476 F. Supp. 896, 903 (E.D. Mo. 1979); Thompson v. Bd. of the Special School Dist. No. 1, 144 F.3d 574, 581 (8th Cir. 1998)).

"An institution is only liable if it intentionally harassed or discriminated on the basis of race or nationality." Hurd v. Del. State Univ., No. 07-117-MPT, 2008 U.S. Dist. LEXIS 73448, at *20 (D. Del. Sept. 25, 2008). An institution cannot be held

vicariously liable under Title VI for the actions of individual actors. Santos v. Peralta Cmty. College Dist., No. C-07-5227, 2009 U.S. Dist. LEXIS 106143, at *21 (N.D. Cal. Nov. 13, 2009); Earl v. Fresno Unified Sch. Dist. Bd. of Educ., No. 1:11-CV-01568-LJO-GSA, 2012 U.S. Dist. LEXIS 64537, at *11-12 (E.D. Cal. May 7, 2012). In the instant complaint, there are no non-conclusory allegations showing that St. Louis Community College had a policy of discrimination or took any other positive action furthering racial discrimination towards plaintiff. As a result, the complaint fails to state a claim under Title VI against St. Louis Community College.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot.

An Order of Dismissal will be filed with this Memorandum and Order.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2013.